# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| ANTRA D. ZENO, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 15-CV-6007-SJ-FJG |
| ) | |
| JOHNSON CONTROLS, INC. and ESSEY ) | |
| BANKS, ) | |
| Defendants. ) | |

## ORDER

Currently pending before the Court is defendant Essey Bank's Motion to Dismiss (Doc. # 7) and plaintiff's Motion to Remand (Doc. # 12).

### I.  BACKGROUND

Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") on November 24, 2013. On September 3, 2014, the MCHR issued its Notice of Right to Sue. In his charge of discrimination, plaintiff named only his employer, Johnson Controls, Inc. On December 2, 2014, plaintiff filed a petition in Platte County Circuit Court against his employer, Johnson Controls, Inc. and his supervisor, Essey Banks, alleging racial discrimination in violation of the Missouri Human Rights Act. In his petition, plaintiff states that on June 24, 2013, he had an argument with another employee. On June 27, 2013, plaintiff alleges that he was called into the office for a meeting about the incident. He was later suspended, pending an investigation. Plaintiff filed a union grievance challenging the suspension and was allowed to return to work without back pay. However, he was subsequently terminated shortly after returning to work. Plaintiff alleges

that management was aware of the situation and should have prevented it from escalating. He also asserts that similarly situated white employees who were involved in a physical altercation were not subjected to any disciplinary action.

Plaintiff is a Missouri resident. Defendant Johnson Controls, Inc. is a Wisconsin corporation with its principal place of business in Wisconsin. Defendant Essey Banks is also a Missouri resident. If defendant Essey Banks is considered to be properly joined, there is no diversity amongst the parties and the Court would not have jurisdiction. Defendants argue that Essey Banks has been fraudulently joined as a party in order to destroy diversity.

## II. STANDARD

In Filla v. Norfolk Southern Railway Company, 336 F.3d 806 (8th Cir. 2003), the Court articulated the standard for determining whether a party has been fraudulently joined:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. [I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. . . .However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. . . . As we recently stated in Wiles [v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002)], joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

Id. at 810 (internal citations and quotations omitted). In Barnes v. Dolgencorp, Inc., No. 06-0632-CV-W-ODS, 2006 WL 2664443, (W.D.Mo. Sept. 14, 2006), the Court stated:

> In conducting this inquiry, the Court must resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor, but the Court has no responsibility to *definitively* settle the ambiguous question of state law. . . . Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant. . . . Where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide. . . . Finally, the party seeking removal and opposing remand has the burden of demonstrating that federal jurisdiction exists.

Id. at *1 (internal citations and quotations omitted).

### III. DISCUSSION

Plaintiff argues that this case should be remanded because there is not complete diversity amongst the parties and the amount in controversy requirement has not been met. A defendant may remove a state court action to federal court based on diversity of citizenship when the matter in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states. See 28 U.S.C. § 1332(a)(1). A corporation is a citizen of its state of incorporation and also of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). It is defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); In re Business Men's Assur. Co. Of America, 992 F.2d 181, 183 (8th Cir. 1993).

The Eighth Circuit has held that where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party "must prove

3

by a preponderance of the evidence that the amount in controversy exceeds $75,000." Eg., In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003); Drobnak v. Andersen Corp., 561 F.3d 778, 786 (8th Cir. 2009); James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005); State of Mo. ex rel. Pemiscot County, Mo. v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)). To satisfy the preponderance of the evidence standard, the party seeking removal must offer "some specific facts or evidence demonstrating that the jurisdictional amount has been met." Hill v. Ford Motor Co., 324 F.Supp. 2d 1028, 1036 (E.D. Mo. 2004). The Court will apply the preponderance standard to this case consistent with the Eighth Circuit case law.

Plaintiff argues that the case should be remanded because he has a good faith belief that Essey Banks, as a member of management, may have been directly involved in discriminatory decisions that resulted in his termination. Plaintiff also argues that failing to name defendant Essey Banks in the Charge of Discrimination is not fatal to his claim, because courts often overlook this requirement when certain other factors have been met.

In opposition, defendant states that plaintiff has only alleged a "belief" that Essey Banks "may have been" involved in decisions that led to his termination. Defendant argues that plaintiff has jumped the gun by naming Banks as a defendant and that if discovery shows that Banks discriminated against him, he can seek to amend his petition to name her as a defendant. Defendant argues that based on plaintiff's concession that he lacks any information suggesting that Banks was involved in his termination, his claims against her are frivolous and she was fraudulently joined in order to defeat

4

diversity jurisdiction. Additionally, defendant argues that plaintiff has failed to provide any basis for his failure to exhaust his administrative remedies against Essey Banks. Defendant states that under the MHRA, plaintiffs are required to exhaust their administrative remedies against any individuals they wish to sue. Unless they meet the exception set forth in Hill v. Ford Motor Co., 277 S.W.3d 659 (Mo.banc 2009), a plaintiff's failure to name a party in his administrative charge bars him from filing suit against that party.

In Bergsieker v. McDonald's Corp., No. 4:14-CV-1419 RLW, 2015 WL 1457067, (E.D.Mo. Mar. 30, 2015), the Court stated:

> Fraudulent joinder does not exist where there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved . . .[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.

Id. at *3 (internal citations and quotations omitted). The Court noted:

> '[t]he MHRA permits suit to be brought against against supervisory employees . . .not just against the company itself, and the failure to make [a supervisory employee] a party at the administrative action before the . . .MHRC will bar suit against [a supervisory employee] only if it resulted in prejudice'. . . .McDonald's encourages the Court to utilize the Hill court's four factor test to determine if the failure of a plaintiff to name a defendant in the administrative charge is fatal to a later judicial claim against that defendant.

Id. (quoting Bock v. Liberty Rest. Grp. L.P., 4:13CV0781AGF, 2013 WL 4504375, *2 (E.D.Mo. Aug. 23, 2013)). In Bergsieker, the defendant argued that the Court should apply the four factor test articulated by the Court in Hill and decide whether the joinder

5

was proper[1]. However, the Court noted that "several courts in this district have declined to adopt the four-factor 'substantial identity of interest' test because 'the Eighth Circuit in Filla mandated that the Court's inquiry is limited only to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved, not to definitively settle the ambiguous question of state law.'" Id. at *4 (quoting Jones v. Valspar Corp., 4:11-CV-00379-NKL, 2011 WL 3358141, at *3 (W.D.Mo. Aug. 3, 2011)). The Court in Bergsieker followed the "clear precedent" in this district and decided that whether the plaintiff's claim could proceed was better left for review by the state court and granted the motion to remand. Id. at *4.

There have been a handful of cases which have analyzed whether the Hill factors apply[2] however, the majority of courts which have analyzed the issue have concluded that this is a question which the federal courts cannot answer. As was explained in Eggerstedt v. Papa John's USA, Inc., No. 14-0095-CV-W-ODS, 2014 WL 2013335

---

[1] The four factor Hill test looks at: "1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." Hill, 277 S.W.3d at 669-70.

[2] See Herron v. CEVA Logistics U.S., Inc., No. 10-1105-CV-W-DGK, 2011 WL 1457996,*3 (W.D. Mo. Apr.15, 2011)("Missouri law directs the Court to consider the Glus factors to determine if suit against a party not named in an administrative charge is barred."); Stoker v. LaFarge North America, Inc., No. 4:12-CV-0504-DGK, 2013 WL 434049 (W.D.Mo. Feb. 5, 2013)("In deciding whether the failure to name an individual in an administrative charge bars a subsequent MHRA claim against that individual, this Court must consider four factors . . ."); Thomas v. Nash, No. 4:14-CV-1993ERW, 2015 WL 1222396 (E.D. Mo. Mar.17, 2015)(Court applied the four Hill factors and determined that there was not an identity of interests between the individual and corporate defendants).

6

(W.D.Mo. May 16, 2014):

> There is no question that the MHRA provides a private cause of action, nor is there any question that it permits Plaintiff to sue [the individual defendant]. Defendants point to the MHRA's requirement that an administrative charge be filed with the Missouri Human Rights Commission before a suit may be filed. They argue that Plaintiff's Charge did not name [the individual defendant], so the suit against him is barred. The Missouri Supreme Court has described circumstances in which a trial court should allow a defendant to be sued even if the defendant was not named in the administrative charge. Hill v. Ford Motor Co, 277 S.W.3d 659,669-70 (Mo.2009)(en banc). Defendants contend this exception does not apply, and they may be right. The correctness of their argument does not aid in answering the present question: which court should decide if Defendants are right? . . .A federal court cannot resolve the defense's viability unless it first has jurisdiction. . . .Plaintiff presents a viable cause of action, and [the individual defendant] presents a viable defense: this requires a judicial resolution by a court having jurisdiction. State law might impose liability, so [the individual defendant] was not fraudulently joined.

Id. at *2. Therefore, the Court in Eggerstedt remanded the case to state court.

See also Jones v. Valspar Corp., No. 4:11-CV-00379-NKL, 2011 WL 3358141, *3 (W.D.Mo. Aug. 3, 2011)("Court's inquiry is limited only to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved, not to definitively settle the ambiguous question of state law."); Bock v. Liberty Restaurant Group, L.P., No. 4:13CV0781AGF, 2013 WL 4504375, *3 (E.D.Mo. Aug. 23, 2013)("[T]he clear precedent in this District is that this determination is a question better left for review by the state court.");(Brownlee v. Casino One Corp., No. 4:14-CV-857JAR, 2014 WL 3097546, *3 (E.D.Mo. July 7, 2014)("Thus, the Court follows the clear precedent in this district that the issue of whether [plaintiff's] claim against [individual defendant] can proceed is better left for review by the state court.");(Parker v. Pinnacle Entertainment, Inc., No. 4:14CV791RWS, 2014 WL 3827232, *2 (E.D.Mo. Aug.4, 2014)("[B]ecause Missouri courts might allow Parker's claims against [the individual defendant] to proceed despite her failure to name them in the Charge of

Discrimination, [the individual defendant] is not fraudulently joined."); Tate v. Family Dollar Stores of Missouri, Inc., No. 4:14CV1534RLW, 2014 WL 7345156, *4 (E.D.Mo. Dec. 23, 2014)("While Defendant invites the Court to make a determination regarding the sufficiency of the complaint against [the individual defendant], the better practice is for this Court to remand the case and allow the state court to decide."); Walters v. Sensient Colors, LLC, No.4:14CV1241HEA, 2015 WL 667986, *4 (E.D.Mo. Feb. 17, 2015)("The Court finds that the issue of administrative exhaustion is therefore properly left to the state court for resolution.").

The Court finds that the majority of cases hold that a decision as to whether plaintiff can assert a claim against an individual defendant, not named in the Charge of Discrimination is better left to the state courts. Therefore, because plaintiff may have a cause of action against defendant Banks, the Court finds that defendant Banks was not fraudulently joined. Thus, her citizenship must be considered and because there is a lack of diversity between the parties, the Court lacks jurisdiction over this matter. As the Court has concluded that it has no jurisdiction, the Court need not address plaintiff's argument that the amount in controversy is below the jurisdictional threshold of $75,000. The Court also declines to address defendant Banks' motion to dismiss.

## IV. CONCLUSION

Therefore, because plaintiff's citizenship is not diverse from the citizenship of defendant Banks, the Court finds that it lacks jurisdiction over this action. Accordingly, plaintiff's Motion to Remand is hereby **GRANTED** (Doc. #12) and this case is hereby remanded to the Circuit Court of Platte County, Missouri.

Date: June 15, 2015  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge